IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONALD GLASS (5) | CRIMINAL ACTION FILE NO.<br><br>1:16-CR-145-TWT-JKL-5 |

## **NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Donald Glass's Motion to Sever [Doc. 988] and Motion to Sever Based on *Bruton* [Doc. 989], in which he argues that he should be severed from the other defendants due to prejudicial spillover and because there is the potential for a *Bruton* problem. For the following reasons, it is **RECOMMENDED** the motions to sever be **DENIED**.

**I.   DISCUSSION**[1]

    **A.   Glass is Properly Joined as a Defendant**

The Court's analysis begins with the threshold issue of whether joinder of Glass as a defendant in this case is proper. Federal Rule of Criminal Procedure

---

[1] A summary of the allegations in the indictment against Glass is set forth in my Order and Non-Final Report and Recommendation dated January 23, 2018. [Doc. 1324.] Because the parties and the Court are familiar with the background, I do not repeat those facts here.

8(b) provides that joinder of defendants is proper "if they are alleged to have participated in the same . . . series of acts or transactions, constituting an offense or offenses." To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

It is well-established that joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011). Rule 8(b) is a pleading rule. *See United States v. Liss*, 265 F.3d 1220, 1227

(11th Cir. 2001). Based on the allegations in the indictment, the Court concludes that Glass has been properly joined as a defendant in this case.

### B. Glass Has Not Carried His Burden to Demonstrate that Prejudicial Spillover Mandates Severance

Having found that Rule 8(b) is satisfied, the Court next turns to whether the potential of prejudice to Glass at trial warrant severance. Glass maintains that the indictment identifies numerous alleged racketeering acts in which he was not allegedly involved, including, arson, wire fraud, financial institution fraud, access device fraud, or inducing or enticing of individuals to travel interstate to engage in prostitution. [Doc. 988 at 1-2.] He also argues that the number of co-defendants at trial will prejudice him. [*Id.* at 2.]

Federal Rule of Criminal Procedure 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eleventh Circuit has recognized that "severance might be warranted . . . where the sheer number of defendants and charges, the differing levels of culpability, and the massive amount of evidence

3

make it nearly impossible for a jury to sort through the evidence and issues and reliably determine the guilt or innocence of each defendant on each charge." *Lopez*, 649 F.3d at 1235. Nonetheless, a defendant seeking a severance must "demonstrate that a joint trial will result in 'specific and compelling prejudice' to his or her defense." *United States v. Oscar*, 877 F.3d 1270, 1290 (11th Cir. 2017) (quoting *Liss,* 265 F.3d at 1228). To demonstrate "compelling prejudice," the defendant bears a "heavy burden" to show "that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *Id*. (citation omitted). "Cautionary instructions to the jury are presumed to adequately safeguard against prejudice. *See Lopez*, 649 F.3d at 1235 (cautionary instructions to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

As with other defendants who have made similar arguments in this case, the Court finds that Glass has not established that a severance is required under Rule 14. His concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him is too generalized to warrant a severance. Essentially, he expresses a concern present in virtually any multi-defendant conspiracy case where the defendants have disparate levels of alleged

participation. But those concerns, without more, do not mandate a severance. As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy. *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance."). Nor has Glass demonstrated that jurors would be unable to follow a court's limiting instructions and make an individualized determination as to each defendant.

The Court is also not persuaded by Glass's argument that the number of co-defendants warrants a severance, as Glass's concern is too general and conclusory to mandate a severance. In addition, that it is unclear at this stage in the proceedings just how many defendants will, in fact, proceed to trial. Accordingly, at this point, the Court concludes that Glass has not demonstrated that he would suffer such compelling prejudice to mandate severance.

### C. Glass Has Not Demonstrated a *Bruton* Problem

In *Bruton v. United States*, the Supreme Court held that post-arrest statements made by a non-testifying co-defendant that incriminate other defendants are inadmissible because such statements violate the other defendants' Sixth

5

Amendment rights to confront and cross-examine adverse witnesses. 391 U.S. 123, 126 (1968). Glass seems to acknowledge that at this point he has not identified any specific statement or testimony that might be offered at trial that would create a problem under *Bruton*. [*See* Doc. 989 at 2.] Accordingly, at this point, the Court is unable to evaluate the motion and the appropriateness of any remedial efforts that could be taken at trial to avoid a *Bruton* problem. Accordingly, it is recommended that Glass's motion to sever based on *Bruton* be denied without prejudice at this time. In the event a *Bruton* problem should arise, Glass may seek severance at that time.

## II.   CONCLUSION

For the foregoing reasons, it is also **RECOMMENDED** that Glass's Motion to Sever [Doc. 988] and Motion to Sever Based on *Bruton* [Doc. 989] be **DENIED**.[2]

---

[2] In making this recommendation, I note that severance is within the discretion of the trial judge, who must ultimately balance the efficient and orderly presentation of the case with the possibility of prejudice to defendants and the ability to cure such prejudice with instructions. This is a complex case involving many defendants and issues may arise as this matter moves toward trial that may justify another look at severance of this and other defendants for trial. Although I recommend denying the motions to sever at this stage in the proceedings, the trial judge may, of course, revisit the question of severance closer to trial. *See United States v. Alcindor*, No. 1:05-CR-0269-TWT-CCH, 2005 WL 8148993, at *5 (N.D. Ga. Dec. 7, 2005) (denying motion for severance but noting that severance is within

There are no additional matters pending before the undersigned for Defendant Glass (5), and I have not been advised of any impediments to the scheduling of a trial as to this defendant.  Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL.**[3]

**IT IS SO RECOMMENDED** this 22nd day of March, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

the province of the trial judge), *report and recommendation adopted*, 2006 WL 8426658 (N.D. Ga. Mar. 10, 2006).

[3] Because matters pertaining to Glass's codefendants still are pending, the District Court is not required to place Glass's case on the trial calendar at this time. 18 U.S.C. § 3161(h)(6).